O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,          )          CASE NO. CV 12-10796 MMM (RZ)
                                   )
                Plaintiff/ Appellee, )
                                   )          ORDER SUMMARILY DISMISSING
        vs.                        )          ACTION AS DISGUISED § 2255
                                   )          MOTION
MYKHAILO YURCHENKO,                )
                                   )
                Defendant/ Appellant. )
                                   )

        The Court will dismiss this action summarily because the face of the petition, combined with judicially-noticeable information, indicates that it is an abusive, disguised motion under 28 U.S.C. § 2255.

## I.

## BACKGROUND

        In 2004, a federal jury in the Southern District of California convicted Mykhailo Yurchenko and several confederates of trafficking cocaine seized on a ship from Belize bound for – but in international waters and not yet *in* – the United States, in violation of the Maritime Drug Law Enforcement Act (MDLEA), 46 U.S.C. app. § 1903. (Although Yurchenko styles himself as the "Defendant/ Appellant," the Court refers to him as "Petitioner." He expressly seeks to avoid proceeding in the Southern District where he

once *was* a "Defendant."  *See* Mem. at 3.) District Judge Jeffrey T. Miller sentenced him to 188 months in prison.  *See* docket in *United States v. Savchenko*, No. 01-CR-1652 JM (Verdict and Amended Judgment are docket entries #789 and #1019 respectively).

Petitioner appealed, arguing solely that authorities improperly compensated a prosecution witness.  In March of 2007, the Ninth Circuit affirmed.  *United States v. Ihnatenko*, 482 F.3d 1097 (9th Cir. 2007).  (Petitioner states that the appellate court remanded as to his sentence, but the Ninth Circuit's docket does not reflect any remand, nor does the panel's opinion mention any disposition other than affirming.  *See id.*)  The United States Supreme Court denied *certiorari* in October of 2007.  552 U.S. 904, 128 S.Ct. 231, 169 L.Ed.2d (2007).

Petitioner challenges his conviction, purporting to invoke the ancient writ of *audita querela*.  He argues that the search of his vessel occurred outside of United States jurisdiction.  (He also cites cases involving the Federal Sentencing Guidelines, *see* Mem. at 1, but he does not appear to argue for resentencing.  *See id.* at 5-6.)  Petitioner did not assert this argument on appeal.  *See Ihnatenko*, 482 F.3d at 1099.  In support, Petitioner points to a recent decision by the Eleventh Circuit, *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. Nov. 6, 2012).  The key fact in that case was that the MDLEA defendants were searched, and their cocaine was seized, while their vessel was still in *the territorial waters of another country*, namely Panama.  The Southern District of Florida rejected their argument that, even if the text of the MDLEA permits such seizures in other countries' territories, the MDLEA exceeded Congress's proper authority as a matter of international law in such cases.  799 F.Supp.2d 1344 (S.D. Fla. 2011).  The Eleventh Circuit disagreed and vacated the convictions.  See 700 F.3d at 1258 ("Because drug trafficking is not a violation of customary international law, we hold that Congress exceeded its power, under the Offences Clause, when it proscribed the defendants' conduct in the territorial waters of Panama. And the United States has not offered us any alternative ground upon which the Act could be sustained as constitutional").

/ / /

# II.

## DISCUSSION

The Clerk has categorized this action for filing purposes as one seeking habeas relief under 28 U.S.C. § 2241.  Petitioner calls it a petition for a writ of *audita querela* but admits that what he "utiliz[es] the same authority" as a § 2255 motion.  Whatever its label, this action is in fact a reupholstered, tardy § 2255 motion and lacks merit in any event.

### A.    If Construed As A § 2241 Petition, The Action Is Barred

28 U.S.C. § 2255 generally provides the sole procedural mechanism by which a federal prisoner may test the legality of his detention.  *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000).  That section bars courts from entertaining most habeas petitions where "it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief[.]"  In light of this rule, the statute on its face appears to bar the present action.  Section 2255 itself permits resort to a 28 U.S.C. § 2241 petition when a § 2255 motion is "inadequate or ineffective to test the legality of [the] detention."  28 U.S.C. § 2255.  This clause is sometimes referred to as the "escape hatch" to § 2255's exclusivity provision.  *Lorentsen*, 223 F.3d at 953.

Only rarely is § 2255's escape hatch available.  A § 2255 motion cannot and should not be viewed as "inadequate" merely because the sentencing court has denied relief on the merits.  *Id*.  Any contrary ruling would nullify the statute's gatekeeping provisions, and Congress then would have accomplished little in its attempts to limit federal collateral review in passing laws such as the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *See Triestman v. United States*, 124 F.3d 361, 374-76 (2nd Cir. 1997) (discussing Congressional intent to narrow collateral attacks).

"Along with many of our sister circuits," the Ninth Circuit has explained,

> we have held that a § 2241 petition is available under the
> "escape hatch" of § 2255 when a petitioner (1) makes a claim of

actual innocence, and (2) has not had an "unobstructed procedural shot" at presenting that claim.

*Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (collecting cases).[1]

Here, opening the "escape hatch" is unwarranted. Petitioner knew throughout his trial that his ship had been seized in international waters. But he did not raise his current territoriality-based challenge to the MDLEA on direct review. Rather, he had an epiphany last month when he learned of the *Bellaizac-Hurtado* decision. Although new

---

[1] Those courts which have found that a § 2255 motion would be "ineffective" or "inadequate" have done so when, due to unusual circumstances, the absence of any avenue for collateral review would raise serious constitutional questions. An example is the series of cases arising in the wake of *Bailey v. United States*, 516 U.S. 137, 116 S. Ct.501, 133 L. Ed. 2d 472 (1995). *See Sustache-Rivera v. United States*, 221 F.3d 8, 16 n.13 (1st Cir. 2000) ("The case law has come from the courts of appeals in the context of determining when the savings clause should apply, mainly in the wake of *Bailey*.").

In *Bailey*, the Supreme Court held that a defendant charged with "using" a firearm in violation of 18 U.S.C. § 924(c) cannot be convicted on that charge unless he actively employed the weapon. 516 U.S. at 150. Prior to *Bailey*, many circuits upheld convictions under 18 U.S.C. § 924(c) upon a showing of something less than "active employment" of the firearm. The Ninth Circuit, for example, affirmed convictions under § 924(c) upon a showing of mere possession. *United States v. Torres-Rodriguez*, 930 F.2d 1375, 1385 (9th Cir. 1991), *abrogated by Bailey, supra*. Following *Bailey*, many prisoners who already had filed unsuccessful, pre-*Bailey* § 2255 motions filed § 2241 petitions seeking to overturn their convictions. A few courts have allowed those prisoners to proceed on their § 2241 petitions on the grounds that these prisoners could not have raised their claims of innocence in an effective fashion at an earlier time, and that serious due process questions would arise if Congress were to close off all avenues of redress in such cases. *See, e.g., Triestman, supra*, 124 F.3d at 379; *In re Hanserd*, 123 F.3d 922, 929-930 (6th Cir. 1997); *In re Dorsainvil*, 119 F.3d 245, 251 (3rd Cir. 1997); *United States v. Lorentsen*, 106 F.3d 278, 279 (9th Cir. 1997).

One such avenue for redress is a motion to correct the sentence under 28 U.S.C. § 2255, solely in the sentencing court. A successive motion under § 2255 may be entertained only based on newly discovered evidence or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255(h). (Claims under *Bailey* cannot form the basis of a successive § 2255 motion because *Bailey* construed a statute, not the Constitution. Therefore, some courts have held, the escape hatch opens, because a serious due process concern would arise if no mechanism exists to adjudicate the claim. *See United States v. Brooks*, 230 F.3d 643, 647-48 (3rd Cir. 2000) (collecting cases).)

*Supreme Court* decisions construing statutes sometimes may justify opening the "escape hatch," as discussed in detail in the footnote above, Petitioner relies on a Court of Appeals ruling.  Not only is the ruling still subject to both panel rehearing and *en banc* review, but it is also subject to review thereafter in the Supreme Court.  At best, therefore, it is too soon to open the "escape hatch."  (The new case also is readily distinguishable, as discussed in section C below.)

### B.    If Viewed As A § 2255 Motion, The Action Is Barred

The best interpretation of this action is as a section 2255 motion.  As such, it is barred in two principal ways.  (It also lacks merit, as discussed in the following section.)  First and more fundamentally, it is presented in the wrong court.  Second, it is time barred, for it arrives far later than one year after Petitioner's conviction became final, when the Supreme Court denied relief in 2007.  Although section 2255 permits later motions based on decisions announcing newly-recognized rights, such decisions must (1) be from the Supreme Court and (2) be made retroactively applicable to cases on collateral review.  *Bellaizac-Hurtado* satisfies neither criterion.

### C.    If Viewed As An *Audita Querela* Petition, The Action Is Not Cognizable And Not Meritorious

#### 1.    Not cognizable

If the Court takes Petitioner at his word in wishing to petition for a writ of *audita querela*, then the action is not cognizable.  A federal prisoner may not assert *audita querela* if the requested relief could have been sought pursuant to section 2255.  *United States v. Gamboa*, 608 F.3d 492, 492 (9th Cir. 2010).  To his credit, Petitioner admits that he is invoking "the same authority" as section 2255.  Mem. at 3.   The fact that a section 2255 motion may now be untimely does not make *audita querela* available in its place.  *See United States v. Valdez-Pacheco*, 237 U.S. 1077, 1080 (9th Cir. 2001) (per curiam).

#### 2.    Unpersuasive on the merits

Finally, Petitioner's *Bellaizac-Hurtado* argument fails on its merits because that case is plainly factually distinguishable. Yimmi Bellaizac-Hurtado's ship was seized in Panamanian territorial waters. Petitioner's ship was seized in *international* waters. Courts have repeatedly upheld MDLEA seizures in international waters over objections that the location of the seizure is outside of Congress's power to regulate drug trafficking. *See United States v. Estipinan*, 453 F.3d 1336, 1338 (11th Cir. 2006); *United States v. Moreno-Morillo*, 334 F.3d 819, 824-25 (9th Cir. 2003). *Bellaizac-Hurtado* simply decided that applying the MDLEA to foreign territorial waters went too far and exceeded Congress's legitimate power to combat drug trafficking. Had Petitioner's ship been seized while it was still in Belizean territorial waters, then the new Eleventh Circuit ruling might have aided him. But no decision, old or new, casts doubt on the MDLEA seizure in international waters in Petitioner's case.

### III.

### CONCLUSION

For the foregoing reasons, the action is DISMISSED without prejudice to Petitioner's pursuit of relief in the Southern District of California, the Court of Appeals for the Ninth Circuit or the United States Supreme Court.

DATED: January 14, 2013

_____
MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE